UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JODI ELLIOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 09-178-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| LIBERTY MUTUAL FIRE INSURANCE | ) | **& ORDER** |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Motion to Dismiss [R. 20] filed by Defendant

Liberty Mutual Fire Insurance Company. Specifically, Liberty Mutual requests dismissal

pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which

relief can be granted. For the reasons set forth below, Liberty Mutual's motion is granted, in

part, and denied, in part.

**I.**

Plaintiff Jodi Elliott filed her initial complaint against Topco Associates, LLC, in Bell

Circuit Court on July 31, 2008. [R. 1, Attach. 3.] In her complaint, she asked for damages

resulting from personal injuries she suffered on August 1, 2007, when she ate a hotdog

manufactured by Topco. [*Id.*] On April 28, 2009, Elliot filed her first amended complaint,

adding claims against Elizabeth Edwards and Liberty Mutual Fire Insurance Company. [*Id.*]

According to the amended complaint, Liberty Mutual was the liability insurer for Topco, and

Edwards, an employee of Liberty Mutual, was the senior claims manager assigned to handling

and evaluating Elliott's claim for personal injury. [*Id.*] Elliott alleges that Liberty Mutual, by

and through its employee Elizabeth Edwards, violated the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA") by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of her claim. [*Id.*] Elliott further alleges that Edwards committed fraud through statements she made on or about July 2, 2008. [*Id.*]

This case was removed to federal court by Edwards and Liberty Mutual, with Topco's consent, on May 19, 2009. In July, the Court granted Topco's unopposed motion to dismiss Elliott's personal injury claims against it on statute of limitations grounds. [R. 10.] Then, in December, the Court granted a motion to dismiss filed by Edwards. [R. 18.] Specifically, the Court found that Kentucky law does not allow KUCSPA and bad faith claims to be maintained against individual adjusters,[1] and the Court further found that Kentucky law does not support a fraud claim under the circumstances of this case. [*Id.*]

## II.

## A.

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court "construe[s] the

---

[1]On March 30, 2010, the Court entered an Order in *Montgomery v. L & M Trucking and Equipment, Inc.*, 6:09-cv-46-GFVT [R. 14] (E.D. Ky. 2010), reaching a different conclusion. Specifically, the Court remanded the bad faith case for lack of subject matter jurisdiction, thereby rejecting the defendants' argument that the only non-diverse defendant, the individual claims adjuster, had been fraudulently joined. The parties in *Montgomery* brought to the Court's attention a recent Kentucky trial court opinion, *Wood v. Encompass Ins. Co.*, Pulaski Circuit Court, Division I, Case No. 09-CI-914 (Nov. 9, 2009), in which the court discussed ambiguity in *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94 (Ky. 2000), and therefore refused to dismiss the claims adjuster, holding that she could be subject to liability under the KUCSPA.

In *Montgomery*, this Court noted that "[t]he burden of proving fraudulent joinder is even more stringent than the motion to dismiss standard under Fed. R. Civ. P. 12(b)(6)." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). Accordingly, the Court expresses no opinion regarding whether reconsideration of, or other relief from, its prior Order may be appropriate in this case.

complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). Recently, the Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). Stated otherwise, it is not enough for a claim to be merely possible; it must also be "plausible." *See Courier*, 577 F.3d at 630. According to the *Iqbal* Court, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556.).

**B.**

**1.**

Elliott's First Amended Complaint alleges that Liberty Mutual acted in bad faith by failing to effectuate a prompt, fair, and equitable settlement of her case as Defendant Topco's liability was "reasonably clear." [*See* R. 1, Attach. 2 at ¶ 15.] Under Kentucky law, there are three elements a plaintiff must prove in order to prevail against an insurance company for alleged refusal in bad faith to pay his or her claim: "(1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurance company must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no

reasonable basis for denying the claim or acted with reckless disregard for whether such a basis

existed." *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993).

Liberty Mutual argues that it is impossible for Elliott to prove the first *Wittmer* element.

In support of its position, Liberty Mutual points to *Davidson v. American Freightways, Inc.*, 25

S.W.3d 94, 100 (Ky. 2000), in which the Kentucky Supreme Court stated, "The gravamen of the

UCSPA is that an insurance company is required to deal in good faith with a claimant, whether

an insured or a third party, with respect to a claim which the insurance company is *contractually*

*obligated* to pay. Absent a contractual obligation, there simply is no bad faith cause of action."

Liberty Mutual then argues that

> a bad faith claim is only valid when there has been a valid determination of
> liability that is legally binding upon the underlying Defendant Topco. The legal
> liability of an insured can only derive from a legally binding adjudication of some
> sort (a jury verdict, a judgment from the bench, or even an agreed or consent
> judgment followed by an assignment of rights), and not from mere factual
> allegations. Such a determination was never made in this case and will never be
> made because the statute of limitations has run on all claims against Topco, as
> determined by this Court. Liberty Mutual only has an obligation under its
> insurance contract with Topco to pay damages that the insured must legally pay.
> In this case, the insured, Topco, is not legally obligated to pay any damages and
> Plaintiff cannot obtain judgment against it. Therefore, Liberty mutual has no
> obligation to pay a claim.

[R. 20, Attach. 1 at 4.]

The only authority Liberty Mutual cites for its position is *Davidson*, which is not on

point. Admittedly, case law on this issue is scant. But Liberty Mutual's argument is similar to

that made by Allstate Insurance Company in *Tennant v. Allstate Ins. Co.*, 2006 WL 319046 (E.D.

Ky. Feb. 10, 2006). In *Tennant*, the plaintiffs had "contracted with Allstate to insure their home

and its contents." *Id.* at *1. After their home was destroyed by fire, the plaintiffs filed a claim

with Allstate, which Allstate rejected. *Id.* The plaintiffs then filed suit. *Id.* Their claims against

Allstate included a claim of bad faith under the KUCSPA. *Id.*

The plaintiffs in *Tennant* did not assert a claim that Allstate breached the express terms of

the contract of insurance. *Id.* at 3. The court noted that any such claim would be time-barred.

*Id.* Allstate, citing *Davidson*, argued that because the plaintiffs' breach of contract claim was

time-barred, the plaintiffs could not prove Allstate was obligated to pay their claim under the

terms of the policy, and therefore their bad faith claim must fail as well. *Id.* at 7. The court

disagreed, explaining that there had been no determination that Allstate was not contractually

obligated to pay the plaintiffs' claim, but only "a determination that any claim that Allstate

breached its express contractual obligation to pay for the [plaintiffs'] loss is time-barred." *Id.*

The Court further determined that a finding that the breach of contract claim is time-barred does

not preclude the plaintiffs from arguing that the insurance company had an obligation to pay the

claim under the terms of the policy. *Id.* at 8. *See also Frog, Swich & Mfg. Co., Inc. v. Travelers*

*Ins. Co.*, 193 F.3d 742, 751 n. 9 (3d Cir. 1999).

Here, like *Tennant*, there has been no finding that Liberty Mutual is not obligated to pay

Elliott's claim, but only a determination that Elliott's personal injury claims against Topco are

procedurally barred by the applicable statute of limitations. Thus, it appears that Elliott should

not be precluded from arguing that Liberty Mutual had an obligation to pay her claims under the

terms of Liberty Mutual's policy with Topco. Unlike *Tennant*, of course, the case at bar involves

a third-party claim rather than a first-party claim by an insured against his or her insurance

carrier. But Kentucky law allows third parties to sue insurance companies for bad faith. *See*

*State Farm Mut. Automobile Ins. Co. v. Reeder*, 763 S.W.2d 116, 118 (Ky. 1988) ("If a first-

party carrier can be sued for bad faith, there is no reason why a third party carrier cannot also be

sued."); *Cobb King v. Liberty Mut. Ins. Co.*, 54 Fed. Appx. 833, 836 (6th Cir. 2003) ("Third party

claimants are entitled to bring a cause of action for damages when an insurance company violates

any of the provisions of KUCSPA."). Accordingly, the Court will allow Elliott's bad faith

claims to go forward at this stage, in spite of Topco's dismissal from the lawsuit.[2]

**2.**

To the extent that Elliott asserts a fraud claim against Liberty Mutual on the ground that

Liberty Mutual is vicariously liable for the alleged fraud of Edwards, its agent, that claim must

fail. As set forth below, and as set forth in the Court's prior Order dismissing Elliott's claims

against Edwards [R. 18], Kentucky law does not support a fraud claim under the circumstances

of this case.

Elliott's fraud claim alleges that Edwards, Liberty Mutual's agent, induced her counsel to

forego service of process of her original complaint on Topco. [R. 1, Attach. 3.] Specifically,

Elliott alleges that her counsel filed a complaint for personal injury on her behalf, but did not

have summons issued in reliance on Edwards's statements that she would continue settlement

negotiations and that she deemed the statute of limitations preserved. [*Id.*, Attach. 3.] Under

Kentucky law, a lawsuit is commenced, and the statute of limitations is tolled, upon the filing of

---

[2]At least one commentator has noted that unfair claims settlement practices statutes were enacted in part to combat the problem of an insurer delaying payment of a claim until the statute of limitations expires. *See* Stephen S. Ashley, Bad Faith Actions: Liability and Damages § 9:7 (2d ed. 2009). The fact that "the court does not have the benefit of an underlying judgment to facilitate the calculation of the third party's claim . . . does not justify depriving the claimant of compensation for the insurer's unfair practices if the claimant can prove the amount of his loss." *Id.* Further, because the underlying claim is barred, "there is no risk that permitting the unfair claims settlement practices claim will jeopardize the insured's defense." *Id.*

a complaint *and* the issuance of summons.  Ky. R. Civ. P. 3.01.  Essentially, then, Elliott alleges

that Edwards made material misrepresentations which caused her to forego filing a civil action

within the applicable statute of limitations.

In *Compressed Gas Corp., Inc. v. U.S. Steel Corp.*, 857 F.2d 346, 351 (6ᵗʰ Cir. 1988), the

Sixth Circuit stated that a "representation, to the extent that it is a misrepresentation of law, is not

actionable in Kentucky."  Similarly, in *Fields v. Life & Cas. Ins. Co. of Tennessee*, 349 F. Supp.

612, 615 (E.D. Ky. 1972), the court called it a "general rule" that "misrepresentations of law are

not actionable."  The court explained that one reason advanced for the rule is "that everyone is

presumed to know the law, therefore, no one can be deceived by a misrepresentation regarding

it."  *Id.  See also Moseley v. Owensboro Municipal Housing Commission*, 252 S.W.2d 880, 881

(Ky. 1952) ("A false representation as to law does not amount to fraud, in the absence of a trust

or confidential relation between the parties.").  Here, Edwards's alleged statement that she

deemed the statute of limitations preserved by the filing of Elliott's complaint appears to be a

misrepresentation as to law.  Thus, it is not actionable.

Additionally, in *Jackson v. Jackson*, 313 S.W.2d 868 (Ky. 1958), Kentucky's highest

court found that "[t]he appellant's contention that an action based upon fraud and deceit may be

maintained by showing that false representations induced one to refrain from instituting a civil

action" was "without merit."  *Id.* at 870.  The court noted,

> In the instant case the appellant knew the facts of the accident.  The complaint
> shows that she knew it was necessary to act within one year if she planned to sue
> on her claim.  Furthermore, the alleged representations were made to her by agents
> of her adversaries, and she was not offered something should she withhold suit.

7

*Id.* (citation omitted).[3]  In *Hazel v. General Motors Corp.*, 142 F.3d 434 (Table), 1998 WL

180522, at \*2 (6th Cir. Apr. 8, 1998), an unpublished opinion, the Sixth Circuit upheld a district

court's ruling that "Kentucky law does not recognize a claim for fraud based on an alleged

deprivation of a person's opportunity to bring a timely personal injury tort action."  Specifically,

the court found that *Jackson* "clearly established" that Kentucky courts "would not recognize a

fraud claim based on a deprived opportunity to pursue a cause of action *when* the plaintiff was

aware of the 'facts of the accident.'" *Id.* at \*3 (emphasis in original) (quoting *Jackson*, 313

S.W.2d at 870).  Here, Elliott was aware of the "facts of the accident," as she knew that she

suffered injury as a result of eating a hotdog on August 1, 2007.  Thus, under the authority of

*Jackson*, she cannot maintain her fraud claim against Liberty Mutual or Edwards.

### III.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as

follows:

1.      Liberty Mutual's Motion to Dismiss [R. 20] is **GRANTED, in part,** and

**DENIED, in part**;

2.      To the extent that the Plaintiff asserts a fraud claim against Liberty Mutual, that

claim is **DISMISSED with prejudice**;

3.      The Plaintiff's KUCSPA claims against Liberty Mutual may proceed; and

4.      On Liberty Mutual's motion, the Court suspended the deadlines contained in the

---

[3]The Court notes that plaintiffs are presumed to know the statute of limitations. *See
Pospisil v. Miller*, 343 S.W.2d 392, 394 (Ky. 1961) (stating that the plaintiff "was and is
presumed to know that her action would be barred in one year by the statute of limitations").  The
presumption that a plaintiff knows the law regarding the statute of limitations is particularly
strong here, as Elliot was represented by counsel.

Order for Report of Parties' Planning Meeting [R. 19] pending resolution of Liberty Mutual's

Motion to Dismiss. The Court therefore enters a new Order for Report of Parties' Planning

Meeting contemporaneously herewith.

This the 19th day of August, 2010.

Signed By:

*Gregory F. Van Tatenhove*

United States District Judge